IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

ETHEL M. DOUGHERTY and :
THOMAS DOUGHERTY, :
        Plaintiffs, :    3:CV 06-98
:
v. :
:
:    (JUDGE NEALON)
FARMERS NEW CENTURY :
INSURANCE COMPANY, :    FILED
:    SCRANTON
        Defendant :    APR 0 9 2007

PER _____
DEPUTY CLERK

## MEMORANDUM and ORDER

On January 12, 2006, Plaintiffs filed a Complaint seeking declaratory relief and alleging bad faith pursuant to 42 Pa. C.S.A. §8371 against Farmers New Century Insurance Company ("Farmers"). (Doc. 1). The allegations in the Complaint stem from Farmers' denial of stacked underinsured motorist coverage claimed by Ethel Dougherty after she was involved in an accident while driving a household vehicle insured by Farmers. Farmers denied coverage based on a household exclusion which plaintiffs maintain is inapplicable.[1] The Plaintiffs filed an Amended Complaint on January 18, 2006 (Doc. 2) and Farmers filed its answer on February 27, 2006. (Doc.

---

[1] A thorough recitation of the underlying facts of this case is set out in the Memorandum and Order issued on February 8, 2007. (Doc. 99).

9). On October 26, 2006, plaintiffs filed a motion for leave to file a second amended complaint, including claims for breach of contract and for a violation of the Unfair Trade Practices and Consumer Protection Law ("UTPCPL"). (Doc. 67). The court granted plaintiffs leave to amend to include claims under the UTPCPL but denied their motion as it pertained to the breach of contract claim. (Doc. 96).

On September 15, 2006, Farmers filed a motion for partial summary judgment on the issue of coverage.[2] (Doc. 53). On December 4, 2006, plaintiffs filed their brief in opposition to Farmers' motion for partial summary judgment (Doc. 77) as well as a cross motion for summary judgment (Doc 80).[3] By Order dated February 8, 2007, Farmer's motion for partial summary judgment on the issue of the validity of the household exclusion was granted and the Doughertys' cross motion for partial summary judgment was denied. (Doc. 99).

On February 20, 2007, the Doughertys filed a motion for reconsideration (Doc. 100 & 101) arguing that a further reasonable expectations analysis should be applied in interpreting the household exclusion because the court failed to fully consider that Ethel Dougherty requested a single insurance policy but in fact received four (4)

---

[2]Farmers initially filed a motion for partial summary judgment (Doc. 18) on May 1, 2006. That summary judgment motion was dismissed without prejudice on May 11, 2006 in order to allow the parties additional time to complete relevant discovery. (Doc. 23).

[3]Plaintiffs did not file a separate brief in support of their motion for summary judgment but rather incorporated the arguments set forth in their brief in opposition.

separate policies and also that defendant's agent, advised Ethel Dougherty that she could stack coverage on all vehicles if she was injured while occupying one of the insured vehicles.[4] The Doughertys also contend that their argument that Farmers factored in the non-enforcement of the household exclusion when it established its stacking premium was not adequately analyzed. Farmers filed its response on March 7, 2007. (Doc. 102). On March 28, 2007, Farmers filed a supplement to its brief in opposition (Doc. 103) and the Doughertys filed a responsive letter on that same date (Doc. 104) followed by a supplemental response on March 30, 2007. (Doc. 105).

**LEGAL STANDARD**

A motion for reconsideration is a device of limited utility. A motion for reconsideration is the equivalent of a motion to alter or amend the judgment pursuant to Fed.R.Civ.P. 59(e). It may be used only to seek remediation of manifest errors of law or fact or to present newly discovered precedent or evidence which, if discovered previously, might have affected the court's decision. Harasco Corp. v. Zlotnicki, 779 F.2d 906 (3d Cir. 1985), *cert. denied*, 476 U.S. 1171 (1986); Massachusetts Mutual Life Insurance Co. v. Maitland, Civil No. 87-0827 (M.D. Pa. March 1, 1989) (Rambo, J.). It has also been held that a motion for reconsideration is appropriate in instances

---

[4] The parties agree that Ethel Dougherty initially requested insurance coverage for four (4) vehicles. They further concur that at the time of the accident which underlies the present coverage dispute, she had dropped coverage on one of these vehicles leaving her with three (3) vehicles insured under three (3) separate policies. (Doc. 71-1, p.19).

such as where the court has misunderstood a party, or has made a decision outside the adversarial issues presented to the court, or has made an error not of reasoning, but of apprehension.  See Rohrbach v. AT & T Nassau Metals Corp., 902 F. Supp. 523, 525 (M.D. Pa. 1995), *vacated in part on other grounds on reconsideration*, 915 F. Supp. 712 (M.D. Pa. 1996).  "Federal district courts should grant such motions sparingly because of their strong interest in finality of judgment." Continental Casualty Co. v. Diversified Indus., Inc., 884 F. Supp. 937, 943 (E.D. Pa. 1995).

A motion for reconsideration is not to be used as a vehicle for the losing party to rehash arguments previously considered and rejected. Voelkel v. GMC, 846 F.Supp. 1482, 1483 (D.Kan.1994), *aff'd*, 43 F.3d 1484 (10th Cir.1994). Indeed, "[a] party's failure to present his strongest case in the first instance does not entitle him to a second chance in the form of a motion to amend." Paramount Pictures Corp. v. Video Broad. Sys., Inc., No. 89-1412-C, 1989 WL 159369, at *1 (D.Kan. Dec.15, 1989) (citing United States v. Carolina Eastern Chem. Co., Inc., 639 F.Supp. 1420, 1423 (D.S.C.1986)).  Such motions are therefore not appropriate if the movant intends only that the court hear new arguments or supporting facts. Van Skiver v. United States, 952 F.2d 1241, 1243 (10th Cir.1991), cert. denied, 506 U.S. 828, 113 S.Ct. 89, 121 L.Ed.2d 51 (1992).  The only circumstances, therefore, in which a court may appropriately grant a motion for reconsideration: (1) where the court made a

manifest error of fact or law; (2) where there is newly discovered evidence; or (3) where there has been a change in the law. Renfro v. City of Emporia, Kansas, 732 F.Supp. 1116, 1117 (D.Kan.1990), *aff'd*, 948 F.2d 1529 (10th Cir.1991); Ferguson v. McKune, 55 F.Supp.2d 1189, 1192, (D.Kan.,1999), *rev'd on other grounds*, Ferguson v. McKune, --- F.3d ----, 2000 WL 1133134, 2000 CJ C.A.R. 4729 (10th Cir.(Kan.) Aug 10, 2000).

For the reasons stated later in this memorandum, the court concludes that the failure to more throughly analyze the factual record in the submissions qualifies as a manifest factual error. Therefore, the plaintiffs' motion for reconsideration will be granted.

## DISCUSSION

### *(1) Factors involved in setting premiums*

The Doughertys have presented three (3) arguments in support of their motion for reconsideration of the court's order. In the first of these arguments, the Doughertys maintain that Farmers factored in its previous non-enforcement of the household exclusion when it established its stacking premium and is therefore obligated to refrain from enforcement.

It is undisputed that Farmers "paid stacked UIM claims notwithstanding the household exclusion between 2/21/02 and 11/28/05." (Doc. 101, p.13, Doc. 102, p.

5

4). Further, Farmers has admitted that the stacking rate it charged to Ethel Dougherty was formulated upon consideration of its past loss experience. (Doc. 101, p.13, Doc. 102, p.4). However, the mere fact that Farmers factored in previous loss history, which may have included losses due to stacking on household vehicles, does not compel a conclusion that, in order to convey the benefit for which Ethel Dougherty paid, it was precluded from changing its policy on enforcing the household exclusion. The fact that Farmers had the contractual right to enforce the household exclusion under the policy but chose not to enforce it does not necessitate a finding that the plaintiffs paid for stacked coverage on household vehicles. Specifically, there is no evidence to establish the amount of the premium if the household exclusion had been enforced between February 2002 and November 2005. Neither has the premium for a policy without the household exclusion been established. The impact that non-enforcement had on the premium has not been demonstrated and the voluntary waiver of a right does not require coverage for those who did not benefit from the waiver.

The evidence presented on this claim has been reviewed and considered and it does not support a finding that the premium charged to Ethel Dougherty for stacked coverage included coverage for stacking of household vehicles. Accordingly, the motion for reconsideration will be denied to the extent that it requests reconsideration

based on factors involved in setting premiums.

### *(2) Issuance of separate policies*

The Dougherty's primary argument, which focuses on Ethel Dougherty's belief that she was receiving one policy covering each of her four (4) vehicles instead of a separate policy for each automobile, requires a more searching analysis. In a bit of overkill, the Doughertys submitted a brief in opposition to the summary judgment motion totaling ninety-five (95) pages and accompanied by over three hundred (300) pages of exhibits. Central to the Doughertys' argument was their contention that a reasonable expectations analysis should be applied in determining the meaning and effect of a household exclusion which provided:

> A. We do not provide Underinsured Motorists Coverage for "bodily injury" sustained:
> 1. By you while "occupying," or when struck by, any motor vehicle you own which is not insured for this coverage under this policy. This includes a trailer of any type used with that vehicle.

(Doc. 54, Ex. B, p. 34).

In support of this assertion, they maintained that Farmers unilaterally inserted the above household exclusion into the policies that it issued to Ethel Dougherty. Implicit in this argument, but perhaps not fully recognized by the court considering both the emphasis on the insertion of the household exclusion language and the sheer volume of the filings, is Ethel Dougherty's contention that she requested one single

policy and instead received separate policies.[5] This detail is significant in that the plain language of the exclusion might render it inapplicable if all of the Dougherty vehicles had been insured on one policy.

If a single policy had provided coverage for the total of the Dougherty vehicles and Ethel had selected stacked underinsured motorist coverage for each of the vehicles then each vehicle may have been "insured for this coverage under this policy" and accordingly stacked underinsured coverage could have applied. The Doughertys maintain that Ethel specifically requested a single policy covering all of her vehicles and, therefore, assumed that she was getting a single policy. Accordingly, when Farmers' Agent, Joann Weiss, explained to her that she would be

---

[5] The following are illustrative of the plaintiffs' references to separate policies in their brief in support of summary judgment.

"An insurer cannot circumvent the stacking requirement on Section 1738 by establishing a corporate policy of self help by placing all of an insured's vehicles on separate policies with household exclusions, particularly where insureds intend to purchase, and select stacked coverage for injuries suffered while they are occupying owned vehicles from Farmers." (Doc. 77, p.9).

" Mrs. Dougherty's stacked UIM coverage selection was made in writing on 2/21/02 when she gave information on a single application for four vehicles and was asked to sign a single selection form for her policy." (Doc. 77, p.43).

"She was not advised that by Farmers unilaterally writing four separate policies, her stacked coverages could be restricted any time she occupied a vehicle that she owned...." (Doc. 77, p.45)

"Further, Mrs Dougherty expressly signed one application and one UIM stacking Rejection/Election form covering all four of her vehicles that were initially insured with Farmers, lead [sic] her to believe that she had on insurance policy." (Doc. 95, p.3).

"It should have been one policy cause that's what I requested." (Doc. 9, Ex. 28, p. 18).

able to "to stack our coverage on the number of vehicles we had on the policy" plaintiffs argue that Ethel believed that the referenced policy covered four (4) vehicles. The Doughertys contend that the decision to provide separate policies was a unilateral change made by Farmers to the coverage requested by Ethel. In support of their argument, the Doughertys redirect the Court to deposition testimony cited in their initial brief in support of summary judgment.[6] If a unilateral change was made, then Farmers was required to provide notice and an explanation of that change to the Doughertys. Highlands Ins. Group v. Van Buskirk, 2000 WL 1659918, *5 (E.D. Pa. 2000), *aff'd*, 281 F.3d 221 (3d Cir. 2001) (TABLE).

In their brief in support of summary judgment and their reply brief the Doughertys reference the fact that Ethel did not realize she was receiving separate policies. Likewise, they point generally to her deposition testimony that she only realized that separate policies were involved when she made a claim following an automobile accident. However, the crux of the reasonable expectations doctrine argument advanced by the Doughertys pertained to the inclusion of the household exclusion as a unilateral action taken by Farmers resulting in coverage less

---

[6] Ethel Dougherty offered the following response to defense counsel's inquiry into what Joanne Weiss explained to her about coverage.
"That if I was involved in a car accident in my own vehicle, or anyone that's on our policy was involved in a car accident, that we had the right to stack our coverage on the number of vehicles we had on the policy. Not knowing that I, only had - I had three vehicles, not knowing they were separate policies, and I still can't believe they did this. It should have been one policy cause that's what I requested." (Doc. 9, Ex. 28, p. 18, lines 5-14).

9

substantial than that which had been requested. The within motion, while addressing the same evidence, pinpoints the argument on the number of policies which was initially presented in the summary judgment brief and not then fully realized by the court. Necessarily, this argument also implicates Ethel Dougherty's reasonable expectations regarding the extent of stacking.

As more fully articulated in this court's Order of February 8, 2007 (Doc. 99), the touchstone for interpreting the meaning of language in insurance contracts is the reasonable expectation of the parties, however, under normal circumstances, the insured cannot complain that her reasonable expectations were frustrated when the language of the policy is clear and unambiguous. Bensalem Township v. International Surplus Lines Ins. Co., 38 F.3d 1303, 1309 (3d Cir. 1994). Generally the reasonable expectations of the parties are best reflected by the plain meaning of the contract terms. Reliance Ins. Co. v. Moessner, 121 F.3d 895, 903 (3d Cir. 1997). However, there are exceptions to this general rule and it appears that two exceptions to this rule may apply to the instant case. The first requires a reasonable expectations analysis when an insurer makes a unilateral change to a policy without notifying the policy holder of the change and further requires the provider to ensure that the policy holder understands the significance of the change. Highlands Ins. Group v. Van Buskirk, 2000 WL 1659918, *5 (E.D. Pa. 2000), *aff'd*, 281 F.3d 221 (3d Cir. 2001)

(TABLE); Tonkovic, 521 A.2d at 923. Likewise, the second exception calls for an examination of the insured's reasonable expectations when the insured has requested one type of coverage and received another. Tonkovic v. State Farm Mutual Ins. Co., 521 A.2d 920, 925 (Pa. 1987).

In their motion for reconsideration, the Doughertys have directed the court to more specific areas of Ethel's deposition testimony and more pointedly elucidated their argument pertaining to the issuance of one policy as opposed to separate policies. Initially, the court may have overlooked the significance of this argument in light of the Doughertys extensive submissions addressed primarily to interpretation and enforcement of the household exclusion. The fact remains that Ethel Dougherty requested and received stacked coverage. Although she did not specifically request stacking on household vehicles, she did testify that she requested one policy for all four (4) of her vehicles and the evidence shows that instead she received four (4) separate policies. (Doc. 91, Ex. 28, p. 18, lines 5-14). Further, there appears to be a viable argument that Farmers unilaterally changed their coverage to include separate policies and never explained the significance of this arrangement to Ethel. Therefore, her factual situation may fall into an exception to the plain language rule. When an exception applies, "the insured's reasonable expectations will be allowed to defeat the express language of an insurance policy." Tran v. Metropolitan Life Ins. Co., 408

F.3d 130, 136 (3d Cir. 2005) *quoting* Bensalem Twp., 38 F.3d at 1309.  As a result of this possibility, the motion for reconsideration will be granted in order to allow for a more thorough consideration of the application of the reasonable expectations doctrine in this case.

### *(3)   Representation by Joann Weiss, that plaintiff could stack all insured vehicles if injured while driving or occupying one of these vehicles*

Finally, the Doughertys argue that Joann Weiss represented to Ethel Dougherty that she could stack coverage on her insured vehicles if she was injured while in any of these vehicles.  (Doc. 9, Ex. 28, p. 18, lines 5-14).  The issues related to both this argument and the argument pertaining to the number of policies, were initially recognized and analyzed but primarily to the extent that they were identified as relevant to the plaintiffs' bad faith and UTPCPL claims.  Since the motion for reconsideration has presented the relevant facts and arguments in a more succinct manner it has become clear that evidence meriting a reasonable expectations analysis may exist.  Accordingly, it is appropriate to not only re-examine the significance of Ethel Dougherty's request for separate policies but also to reconsider the implications of Joann Weiss' comments that, if injured in one of the insured vehicles, Ethel would be able to stack coverage for all vehicles that she insured.

**CONCLUSION**

Plaintiffs' summary judgment motion included contentions that Ethel requested one (1) policy and received four (4) as well as representations made by Weiss concerning stacking. However, as previously noted, the extent and significance of these arguments was not fully realized and examined in the court's initial analysis. Therefore, the plaintiffs motion for reconsideration will be granted and the defendant will be permitted an opportunity to submit a brief in opposition to the arguments in support of summary judgment which are set forth in the plaintiffs' motion for reconsideration.

This conclusion does not negate the court's previous findings that: (1) the terms of the household exclusion are unambiguous; (2) the household exclusion, on its face, does not violate public policy; (3) the household exclusion, on its face, does not violate the Motor Vehicle Financial Responsibility Law (MVFRL); (4) the theories of waiver and estoppel do not prohibit Farmers from enforcement of the household exlusion; and (5) the household exclusion, on it face, is not unconscionable. To the extent explained above, Plaintiffs' motion for reconsideration (Doc. 100) is granted.

s/William J. Nealon

Date: April 9, 2007          United States District Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ETHEL M DOUGHERTY and : <br> THOMAS DOUGHERTY, : <br> Plaintiffs, : <br> v. : <br> : <br> FARMERS NEW CENTURY : <br> INSURANCE COMPANY, : <br> Defendant : | 3:CV 06-98 <br><br> (JUDGE NEALON) |

## **ORDER**

**AND NOW**, this 9th day of April, 2007, in accordance with the accompanying Memorandum of this date, **IT IS HEREBY ORDERED THAT:**

(1) To the extent that the Plaintiffs' motion for reconsideration requests consideration of the issuance of four separate insurance policies and the alleged misrepresentations of Joann Weiss, the motion for reconsideration (Doc. 100) is GRANTED.

(2) To the extent that the Plaintiffs' motion for reconsideration requests further analysis of the factors used in determining premiums for stacked underinsured motorist coverage, the motion for reconsideration (Doc. 100) is DENIED.

(3) The Defendant will be allowed twenty (20) days from the date of this Order to file a brief in opposition to the arguments on the merits which were set forth in support of plaintiffs' motion for reconsideration.

s/William J. Nealon
United States District Judge